UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                                   Case No: 8:22-cv-24-CEH-JSS

AUSTIN THOMAS, CHECKERS DRIVE-IN RESTUARANT, WOW BURGERS, CERTAIN UNDERWRITERS LLC, LLOYDS OF LONDON CORP., MICHELLE M. BARTELS ESQ., TAYLOR KUAFMAN ESQ., COLE SCOTT & KISSANE P.A., SKYLAR D. STEWART ESQ., DEREK J. BUSH ESQ., RISSMAN, BARRETT, HURT, DONAHUE,MCLAIN & MORGAN P.A., CLINTON D. FLAGG ESQ., PERDITA M. MARTIN ESQ., BERK, MERCHANT & SIMS PLC, CITY OF TAMPA, HILLSBOROUGH COUNTY, STATE OF FLORIDA, FLORIDA JUDICIAL QUALIFICATION COMMISSIONS, FLORIDA BAR ASSOCIATIONS, ANGEL DIDIOS, HECTOR MARCIAL-CASTROLOPEZ, CELESTE HANSELL, ELIZIBETH DURHAM, JOSEPH SHAJI, AMIN CHIRAG, URSULA RICHARDSON P.A., NICOLE SACKRIDER, JAMES WOLF and JANE DOE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion to Proceed *in Forma Pauperis* (Dkt. 2) ("IFP Motion") and Plaintiff's Motion for Injunctive Relief (Dkt. 5). For the reasons that follow, the Court recommends that the IFP Motion be denied without prejudice, the Complaint be dismissed without prejudice, and the Motion for Injunctive Relief be denied without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Further, preliminary injunctions may be issued when the movant demonstrates: (1) "there is a substantial likelihood of success on the merits"; (2) the "preliminary injunction is necessary to prevent irreparable injury"; (3) "the threatened injury

outweighs the harm that the . . . preliminary injunction would cause to the non-movant"; and (4) the "preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

## ANALYSIS

**A. Motion to Proceed** *in Forma Pauperis*

Upon review of the IFP Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the Court recommends that Plaintiff's Complaint be dismissed because it fails to properly state claims as required by the Federal Rules of Civil Procedure. Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

A complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* In addition, Rule 8(a) requires a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Complaints that violate Rule 8(a) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313,

1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is the complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiff's Complaint falls into each category of a shotgun pleading. The Complaint does not separate the allegations into separate claims for relief or identify which facts, if any, pertain to each defendant. Thus, the Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Additionally, the Complaint fails to identify the wrongful conduct of each defendant or how each defendant may have been involved in the alleged incidents. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint as "a perfect example of

'shotgun' pleading because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief").  Indeed, it is difficult to discern the factual basis of Plaintiff's claims, as the Complaint contains numerous irrelevant allegations and accusations against non-party individuals and institutions. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Additionally, to the extent Plaintiff brings claims against a Jane Doe defendant, as a general rule, fictitious-party pleading is not allowed in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Notwithstanding, the Court notes that a limited exception to this rule exists "when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage, and thus discovery would uncover the unnamed defendant's identity." *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (internal quotation marks omitted).  However, Plaintiff does not provide specific information to identify the Jane Doe named in the Complaint.

### B. Injunctive Relief

Plaintiff also moves the Court for permanent and temporary injunctive relief against Defendants and non-parties. (Dkt. 5.)  It is unclear what conduct or event Plaintiff seeks to enjoin.  (*See* Dkt. 5 at 6 (alleging a denial of due process rights during a court proceeding in 2019 caused "irreparable damages continuing to date against Plaintiff" without any additional explanation).)

The undersigned recommends that the Court deny Plaintiff's Motion for Injunctive Relief without prejudice. As set forth above, it is unclear what claims Plaintiff alleges against each Defendant, such that the undersigned is unable to conclude whether Plaintiff may have a substantial likelihood of success on the merits. Moreover, the Motion for Injunctive Relief does not establish that any immediate or irreparable injury—or any injury—may result to Plaintiff in the absence of preliminary relief.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure.[1] *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). The undersigned recommends that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

---

[1] Plaintiff is encouraged to consult the "Litigants Without Lawyers" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

3. Petitioner's Motion for Injunctive Relief (Dkt. 5) be **DENIED** without prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on January 31, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record