# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                                                     Case No: 8:22-cv-24-CEH-JSS

AUSTIN THOMAS, CHECKERS
DRIVE-IN RESTUARANT, WOW
BURGERS, CERTAIN
UNDERWRITERS LLC, LLOYDS OF
LONDON CORP., MICHELLE M.
BARTELS ESQ., TAYLOR
KUAFMAN ESQ., COLE SCOTT &
KISSANE P.A., SKYLAR D.
STEWART ESQ., DEREK J. BUSH
ESQ., RISSMAN, BARRETT, HURT,
DONAHUE,MCLAIN & MORGAN
P.A., CLINTON D. FLAGG ESQ.,
PERDITA M. MARTIN ESQ., BERK,
MERCHANT & SIMS PLC, CITY OF
TAMPA, HILLSBOROUGH
COUNTY, STATE OF FLORIDA,
FLORIDA JUDICIAL
QUALIFICATION COMMISSIONS,
FLORIDA BAR ASSOCIATIONS,
ANGEL DIDIOS, HECTOR
MARCIAL-CASTROLOPEZ,
CELESTE HANSELL, ELIZIBETH
DURHAM, JOSEPH SHAJI, AMIN
CHIRAG, URSULA RICHARDSON
P.A., NICOLE SACKRIDER, JAMES
WOLF and JANE DOE,

    Defendants.

_____/

# **O R D E R**

This cause comes before the Court upon the Report and Recommendation of Magistrate Judge Julie S. Sneed (Doc. 7). In the R&R, Magistrate Judge Sneed recommends that the Court: (1) dismiss, without prejudice, Plaintiff Leon Bright's complaint and provide him with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure within 20 days; (2) deny, without prejudice, Bright's Motion for Injunctive Relief (Doc. 5); and (3) deny, without prejudice, Bright's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2). Doc. 7 at 6–7.

Bright received a copy of the R&R, and the Court afforded him an opportunity to object in accordance with 28 U.S.C. § 636(b)(1). Bright timely objects (Doc. 8). Upon consideration of the R&R, Bright's objections, and the Court's independent examination of the file, the Court will overrule Bright's objections, except that the Court will provide Bright with 28 days to file an amended complaint, adopt the R&R, and dismiss Bright's complaint, without prejudice.

## I.   BACKGROUND

Proceeding *pro se*, Leon Bright sues numerous defendants (Doc. 1) and moves to proceed *in forma pauperis* (Doc. 2).[1] Bright also moves for injunctive relief (Doc. 5).

---

[1] *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. The Court encourages *pro se* parties to consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-

Although far from clear, Bright's allegations appear to stem from an October 1, 2019 hearing in a civil action in state court. Bright alleges, in relevant part, that each defendant, their attorneys, and their law firms arranged and conspired with a state court judge to schedule a hearing upon those defendants' motions to dismiss Bright's complaint. Doc. 1 at 7–8. According to Bright, "[e]ach and [e]very defendant," "their [a]ttorneys, their [c]lients," and their law firms knew that Bright was incarcerated in a Hillsborough County detention center before the hearing and lacked "transportation, counsel, or liberty to be present" at the scheduled hearing. *Id.* at 8 (original emphasis removed). Bright alleges that these defendants, their attorneys, and their law firms held the hearing outside of his presence. *Id.* The state-court judge allegedly dismissed Bright's complaint. *Id.* at 9.

Given Bright's request to proceed *in forma pauperis*, the Magistrate Judge reviewed Bright's complaint under 28 U.S.C. § 1915. Doc. 7 at 2. The Magistrate Judge concludes that Bright is eligible to proceed *in forma pauperis* in this action, but recommends that the Court dismiss the complaint, without prejudice, for failing to comply with the Federal Rules of Civil Procedure. *Id.* at 3, 6. After setting forth Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure and identifying the four general types of shotgun pleadings, the Magistrate Judge reasons:

> Plaintiff's Complaint falls into each category of a shotgun pleading. The Complaint does not separate the allegations into separate claims for relief or identify which facts, if any, pertain to each defendant. Thus, the Complaint fails "to give the

---

bono. Civil forms, including form complaints, are available at the following hyperlink: https://www.flmd.uscourts.gov/forms/all/civil-forms.

> defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Additionally, the Complaint fails to identify the wrongful conduct of each defendant or how each defendant may have been involved in the alleged incidents. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint as "a perfect example of 'shotgun' pleading because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief"). Indeed, it is difficult to discern the factual basis of Plaintiff's claims, as the Complaint contains numerous irrelevant allegations and accusations against non-party individuals and institutions. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Id.* at 4–5.[2] As such, the Magistrate Judge also recommends that the Court deny, without prejudice, the Motion to Proceed *in Forma Pauperis*. *Id.* at 6.

Further, the Magistrate Judge recommends that the Court deny, without prejudice, the Motion for Injunctive Relief because the conduct or event that Bright seeks to enjoin is unclear, Bright's failure to articulate which claims he brings against which defendants prevents any determination that he may have a substantial likelihood of success on the merits, and Bright fails to establish that any immediate or irreparable injury may result in the absence of preliminary relief. *Id.* at 5–6.

In response, Bright filed a paper entitled "Plaintiff's List of Objections to Magistrate Judge's Order and Motion for Rehearing/Reconsideration and Notice to

---

[2] Because Bright sues a Jane Doe defendant, the Magistrate Judge also highlights that fictitious-party pleading is generally not allowed in federal court. Doc. 7 at 5. Noting a limited exception to that rule, the Magistrate Judge explains that Bright fails to provide specific information to identify the Jane Doe defendant named in the Complaint. *Id.*

4

Rule Within Reasonable Time" (Doc. 8). The front page of this paper sets forth two paragraphs, each of which is labeled as "Objection." Doc. 8 at 1–2. The paper also includes a section entitled "Plaintiff's Motion to Vacate/Set Aside and Provide Relief from Judgement and January 31, 2022 Order of Court," as well as a section entitled "Plaintiff's Motion for Stay of Proceedings [Pending Disposition of recently filed Motion to Vacate January 31, 2022 Order] or and in Alternative Motion for Extension of Time to: (a) file verified Motion to Disqualify, and (b) until this Court's rules upon Plaintiff's Motion to Vacate January 31, 2022 Order at Doc. 7." *Id.* at 2–7 (alterations in original).

## II.   LEGAL STANDARD

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## III.   DISCUSSION

The Court begins with the paragraphs that Bright labels as objections. The Court will overrule these objections.

Bright first objects that the "vague" R&R directs him to file an amended complaint that complies with the Federal Rules of Civil Procedure without citing "any substance of law or facts" showing that he did not comply with Rules 8(a) or 10(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915. Doc. 8 at 1. He also contends that his complaint does not constitute a shotgun pleading. *Id.* But the Magistrate Judge cites to Rules 8(a) and 10(b) and explains that complaints that violate Rule 8(a) are referred to as "shotgun pleadings." Doc. 7 at 3–4. The Magistrate Judge also identifies the four general types of shotgun pleadings. *Id.* at 4. And the Magistrate Judge articulates the reasoning behind her conclusion that the complaint constitutes a shotgun pleading. For example, the Magistrate Judge explains that the complaint does not separate the allegations into separate claims for relief or identify which facts, if any, pertain to each defendant. *Id.* The Magistrate Judge also highlights that the complaint fails to identify the wrongful conduct of each defendant or how each defendant may have been involved in the alleged incidents. *Id.* Thus, Bright's arguments lack merit.

Bright also "objects to this court's pattern of animus, biases, and umberage [sic] toward" him, contending that the Magistrate Judge "has continued to behave in a similar fashion" in another case where his complaint "has been stonewalled and held up" in the Magistrate Judge's chambers "for two consecutive years without ever allowing the valid substantiable and facially sufficient [c]omplaint to reach ta[r]geted

6

Defendants." Doc. 8 at 1. This objection also lacks merit. Bright's reference to another case, along with Court rulings in that case, does not serve as a basis to set aside the R&R. The Magistrate Judge's purported "animus, biases, and umberage [sic]" towards him do not serve as a basis for setting aside the R&R, either. If Bright seeks the recusal of the Magistrate Judge, he must file a motion. Bright's dissatisfaction with the Court's adverse rulings alone may not serve as the basis for recusal. *See Leonard v. Monroe Cnty.*, 789 F. App'x 848, 851 (11th Cir. 2019).

Bright also objects to the Court's "indifferent practice of compelling [him] to senselessly resubmit filings," which he considers "no more than retribution and means to discourage" him "from complaining upon government officials." Doc. 8 at 1. He asserts that "[t]hese actions waste judicial resources," burden clerks, delay justice, and "exacerbate deep expenses at the cost to taxpayers." *Id.* at 2. Bright's reference to the Court's "practice" likely refers to another case before the Court, in which the Court has granted Bright leave on multiple occasions to file a complaint in compliance with the Federal Rules of Civil Procedure. *Bright v. City of Tampa*, No. 8:20-cv-1131-CEH-JSS (M.D. Fla.), Doc. 36 at 2–5, 17–25.[3] But the Court's provision of several

---

[3] Bright has filed numerous actions in this Court over the years. *See, e.g., Bright v. Strickland*, No. 8:07-cv-984-SDM-MAP (M.D. Fla.); *Bright v. Frix*, No. 8:12-cv-1163-MSS-MAP (M.D. Fla.); *Bright v. City of Tampa*, No. 8:14-cv-1074-MSS-E_J, (M.D. Fla.); *Bright v. City of Tampa*, No. 8:14-cv-1774-EAK-TBM (M.D. Fla.); *Bright v. Officer Graham*, No. 8:14-cv-1775-VMC-E_J (M.D. Fla.); *Bright v. Zielger*, No. 8:15-cv-1280-EAK-JSS (M.D. Fla.); *Bright v. Thomas*, No. 8:16-cv-1035-EAK-MAP (M.D. Fla.); *Bright v. City of Tampa*, No. 8:18-cv-1123-SDM-CPT (M.D. Fla.); *Bright v. Kast Constr. Co., LLC*, No. 8:19-cv-1756-JSM-SPF (M.D. Fla.); *Bright v. Hillsborough Cnty.*, No. 8:19-cv-2274-SDM-CPT (M.D. Fla.); *Bright v. City of Tampa*, No. 8:19-cv-2347-MSS-CPT (M.D. Fla.); *Bright v. City of Tampa*, No. 8:20-cv-1131-CEH-JSS (M.D. Fla.).

opportunities to Bright for him to amend his complaints in that action does not serve as a basis for allowing the deficient complaint in this action to proceed. Because Bright's complaint fails to comply with the Federal Rules of Civil Procedure, the Court will dismiss it.

Bright entitles a portion of this paper as "Motion to Vacate/Set Aside and Provide Relief from Judgement and January 31, 2022 Order of Court," in which he argues that the Court should vacate the R&R under Rules 60(a) and 60(b) of the Federal Rules of Civil Procedure. Because Bright directs these arguments towards the R&R and includes the portion of this paper within the same document as his objections, the Court construes this portion as objections to the R&R. Neither Rule 60(a) nor Rule 60(b) provides a basis for the Court to vacate the nonfinal R&R. *See* Fed. R. Civ. P. 60(a)–(b). Also, none of his arguments, such as his argument that the R&R "conflicts with well establish[ed] law and the Federal Rules of Civil Procedure" or his argument that the R&R "misapplies the proper liberal pleading standard" articulated in a Third Circuit case, is meritorious. Further, some of his arguments erroneously reference pleadings, allegations, or Court orders in another case.[4] Doc. 8 at 3–5. Bright also buries an unmeritorious request for recusal under 28 U.S.C. § 455 in this portion of the paper.[5] *Id.* at 5. The conclusion section of this portion of the paper

---

[4] For all of these reasons, even if the Court construed this portion of the paper as a motion, the Court would deny the motion. Moving forward, if Bright desires to file a motion, he must file a separate paper. *See* Local R. M.D. Fla. 3.01(a).

[5] "Section 455 creates two primary reasons for recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). First, a judge must disqualify herself in any proceeding in which her

8

also references a motion to stay, which the Court construes as referencing the next portion of the paper, which Bright titles "Motion for Stay of Proceedings." *Id.*

Turning to that portion of the paper, Bright seeks an "extension of time" under Rules 6, 26, and 27 of the Federal Rules of Civil Procedure to file a motion to recuse the Magistrate Judge. *Id.* at 6. Based upon the title of the section, Bright also appears to seek a stay of action pending a ruling on the "Motion to Vacate" in the previous portion of this paper. *Id.* Bright also states that complying with the Court's "vicious" and "strenuous" order within 20 days "is simply ridiculous" or "impossible" due to "the highly increased ratio" of COVID-19, his medical needs, and the closings of Hillsborough County libraries and businesses providing access to copy machines. *Id.* As such, he seeks an extension of time to "reply/comply." *Id.*

Bright's request for a stay of this action, or an extension of time, so that he can file a motion to disqualify the Magistrate Judge falls short. He does not articulate the

---

impartiality might reasonably be questioned. 28 U.S.C. § 455(a). "The test under § 455(a) 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality.'" *Johnson v. Wilbur*, 375 F. App'x 960, 965 (11th Cir. 2010) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). The statute also enumerates other circumstances in which a judge must disqualify herself, such as where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Indeed, "a judge's adverse ruling—without more—is insufficient to demonstrate the requisite pervasive basis and prejudice against a party that would mandate recusal." *Leonard*, 789 F. App'x at 851. Here, Bright fails to provide a reason for recusal under § 455; he simply cites all subsections of § 455 and "where this Court's bias can be reasonably assumed and presumed or questioned." Doc. 8 at 5. Similarly, he broadly cites to "Canon 3 of the Code of Judicial Conduct . . . and under other similar case law," without providing argument or analysis. *Id.*

9

need for a stay or the basis for moving to disqualify the Magistrate Judge, aside from a vague reference to "Judicial Misconduct and obvious partiality." *Id.* He does not articulate a need for an extension of time, either. 28 U.S.C. § 455 does not require bright to seek disqualification within a certain period of time.[6] He may file a motion requesting that relief at any time. Bright's request for a stay pending a ruling on his "Moton to Vacate" also lacks merit because the Court has rejected the arguments in that portion of the paper. Bright also does not demonstrate a need for an extension of time to "reply" to the R&R; he has responded by filing the instant paper. But the Court will provide Bright with 28 days, rather than 20 days, to file an amended complaint that complies with the Federal Rules of Civil Procedure.

Even upon a liberal construction of the complaint, the Court agrees with the Magistrate Judge that the complaint constitutes a shotgun pleading. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (stating that courts construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys). The R&R sets forth Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, defines a "shotgun pleading," and identifies the four common types of shotgun pleadings; the Court need not repeat all of those principles here. But, for Bright's benefit, the Court will provide examples of the complaint's deficiencies.

---

[6] The Court observes that Bright has sought extensions of time to file motions to recuse the Magistrate Judge in another action assigned to the undersigned and the Magistrate Judge and that the Magistrate Judge denied his recusal request. *Bright v. City of Tampa*, 8:20-cv-1131-CEH-JSS (M.D. Fla.), Doc. 26 at 5, Doc. 36 at 25–26. However, this observation does not influence the Court's conclusion here.

10

Ascertaining which defendants are responsible for which acts or omissions, and against which defendants Bright brings certain claims, is an impossible task. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (identifying a common type of shotgun pleading as a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). Before reciting the alleged facts, Bright alleges that, at all relevant times, "Defendants" refers to several of the defendants and that Bright seeks to hold "Municipal Defendants herein vicariously liable for subordinate employee tortfeasors." Doc. 1 at 6–7. He also alleges that "every other Lawfirm, its agents and Attorneys are being sued under all theories of personal, as well as official and or professional capacities" and that "[e]ach subordinate was acting in the scope of their employment." *Id.* at 7.

He proceeds to allege, in his factual statement, the acts or omissions of defendants collectively, consistently referencing "each named Defendant above, their Attorneys, [and] their Lawfirms." *Id.* at 7–9. Compounding the confusion, Bright alleges actions or omissions of individuals or entities whom he does not identify as defendants in the case caption or his recitation of the parties, such as "Pat Frank, Clerk of Court," "Ronald Ficarrotta," "Bush Ross, P.A.," and "Gov. Charlie Cris[t]." *Id.* at 9–10, 12. He also brings claims against these individuals and entities, even though he fails to identify them as defendants in the case caption or in his recitation of the parties to the action. *Id.* at 14, 17. Conversely, he names Derek J. Bush, Esq., Celeste Hansell,

and "Elizbeth [sic] Durham" as defendants, but he does not bring any claims against them. *Id.* at 1. He also fails to identify the defendants against whom he brings Count Four. *Id.* at 21.

Against this backdrop, Bright also changes the names of, or the manner in which he references, certain defendants throughout the complaint. For example, he identifies "Certain Underwriters LLC" and "Lloyds of London Corp." as separate defendants in the case caption and in select portions of the complaint, but also refers to "Certain Underwriters LLC Lloyd of London" as one defendant. *Id.* at 1, 3, 8. As such, the defendants whom he seeks to sue is unclear. Similarly, he initially identifies "Austin Thomas" as a defendant, but later refers to "Thomas Austin." *Id.* at 2, 14. He also identifies "Ursula Richardson P.A" as a defendant in the case caption, yet refers to "Ursula Richardson – City of Tampa" and "Ursula Richardson" throughout the complaint. *Id.* at 1, 5, 14. And he identifies "Sheila King" as a defendant in the case caption, but later refers to "Black Female 'Jane Doe' (possibly named Sheila King hereinafter)." *Id.* at 1–2. If Bright elects to amend the complaint, he must clearly articulate which defendants are responsible for which acts or omissions and which claims he brings against which defendants.

The complaint also contains numerous conclusory, vague, or immaterial facts not connected to any particular cause of action. *See Weiland*, 792 F.3d at 1322 (identifying a common type of shotgun pleading as a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). For example, Bright seems to describe a state-court judge as "[a]n

12

edomite, and from the exact seed and bloodline of the AMALEKITES who have hated the so-call[ed] Israelite American 'nigroes' from NIGER, a country in ISRAEL, now under slavery/captivity in AMERICA to present date." Doc. 1 at 10. Similarly, Bright alleges in Count One that the actions of certain defendants "defied the Constitution just like Christopher Columbus who NEVER discovered America [and who] [o]nly poisoned and KILLED the Native Real Americans in this Country with Smallpox, and other venereal diseases through blankets." *Id.* at 16. If Bright amends, he must ensure that any amended complaint removes conclusory, vague, or immaterial facts not obviously connected to any particular claim.

Finally, some counts include multiple claims for relief. *See Weiland*, 792 F.3d at 1322–23 (identifying a common type of shotgun pleading as one that fails to separate into a different count each cause of action or claim for relief). For example, in Count One, which Bright labels "Conspiracy to Deprive Plaintiff of Due Process, Equal Protection and Right to Complain," he alleges that certain defendants violated "ABA/Florida Bar rules and regulations as well as the Federal Constitution," "the Fourteenth Amendment and the Sixth Amendment as well as Equal Protection and Substantive Due Process" and that each named defendant failed to afford him "Due Process, Substantive due process, equal protection or access to the court as well as fair and equal justice . . . ." Doc. 1 at 14–15. Similarly, Bright labels Count Two as "(1) Custom, Systemic racism, Indifference, Animus and Malice, (2) Negligent Appointing and Retention, (3) Failure to Correct and Discipline, or Fire, Unappoint" a state-court

judge. *Id.* at 17. If Bright amends, he must ensure that no count includes multiple claims for relief.

The examples above are just that—examples. In amending, Bright must ensure that he complies with the Federal Rules of Civil Procedure and avoids shotgun pleading pitfalls. If Bright desires guidance or professional assistance to ensure that an amended complaint complies with the Federal Rules of Civil Procedure, he should reference the resources for *pro se* parties in the first footnote of this order.

Therefore, the Court will overrule Bright's objections, except the Court will provide Bright with 28 days to file an amended complaint, and adopt the R&R. As such, the Court will deny Bright's Motion to Proceed *in Forma Pauperis*, without prejudice. Finally, following a review of Bright's Motion for Injunctive Relief and the Magistrate Judge's recommendation for the Court to deny that relief, to which Bright does not object, and given that the Court will dismiss the complaint, the Court will deny the Motion for Injunctive Relief, without prejudice.

Accordingly, it is **ORDERED**:

1. The objections in Leon Bright's "List of Objections to Magistrate's Order for Rehearing/Reconsideration and Notice to Rule Within Reasonable Time" (Doc. 8) are **OVERRULED**, except that the Court will provide Bright with 28 days to file an amended complaint.

2. The Report and Recommendation entered by Magistrate Judge Julie S. Sneed on January 31, 2022 (Doc. 7) is **ADOPTED**, **CONFIRMED**, and

      **APPROVED** in all respects and is made a part of this order for all purposes, including appellate review.

3. Leon Bright's complaint (Doc. 1) is **DISMISSED**, **without prejudice**. The Court grants Bright leave to file an amended complaint that complies with the Federal Rules of Civil Procedure within **TWENTY-EIGHT (28) DAYS** of the date of this order. **Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

4. Leon Bright's "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" (Doc. 2) is **DENIED**, without prejudice.

5. Leon Bright's "Affidavit and Request for Injunction Relief" (Doc. 5) is **DENIED**, without prejudice.

    **DONE AND ORDERED** in Tampa, Florida on April 27, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any